Ryan Lee, Esq. 024846
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff
KATHLEEN GALIETTA

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| KATHLEEN GALIETTA, <br><br> Plaintiff, <br><br> vs. <br><br> STUART ALLEN & ASSOCIATES, INC., <br> Defendant. | Case No.: <br><br> **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## VERIFIED COMPLAINT

KATHLEEN GALIETTA (Plaintiff), by her attorneys, KROHN & MOSS, LTD., allege the following against STUART ALLEN & ASSOCIATES, INC., (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

1. disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in the Surprise, Arizona, Maricopa County, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant national company with a business office located in Tucson, Arizona, Pima County.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

COMPLAINT

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. On or about January 30, 2009, Defendant contacted Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant left a message for Plaintiff regarding an alleged debt owed.

13. Defendant failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose.

14. Defendant threatened to look into Plaintiff's personal background for bank account information and private assets.

15. Plaintiff understood Defendant's threat to mean Defendant would attempt to seize personal property if the alleged debt was not paid.

16. Defendant further threatened to increase the amount of the alleged debt for the aforementioned "investigation."

17. On or about February 2, 2009, Defendant mailed Plaintiff a letter again requesting payment on the alleged debt (see copy of correspondence dated February 2, 2009, attached hereto as Exhibit "A").

18. In said letter, Defendant failed to properly identify itself as a debt collector attempting to collect on a debt (see Exhibit "A").

19. Further, Defendant threatened to report the alleged debt on Plaintiff's credit profile and that said report would remain for a period of seven (7) years (see Exhibit "A").

20. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within five (5) days of Defendant's initial communication with Plaintiff.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity because Defendant failed to state in its first message that it was a debt collector attempting to collect on a debt and that any information would be used for that purpose.

   b. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the legal status of the alleged debt because Defendant threatened to seize Plaintiff's assets and banks accounts if the alleged debt was not paid without any legal authority to do such.

   c. Defendant violated *§1692e(4)* of the FDCPA by implying that nonpayment of the alleged debt would result in the seizure of any property because Defendant threatened to seize Plaintiff's assets and banks accounts if the alleged debt was not paid.

   d. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means to collect a debt or obtain information about Plaintiff because Defendant threatened to look into Plaintiff's background, assets and bank account information, to seize property, that the alleged debt would be increased and failed to properly identify itself as a debt collector attempting to collect on a debt.

   e. Defendant violated *§1692e(11)* of the FDCPA failing to disclose in the initial communication that it was a debt collector attempting to collect on a debt and that any information obtained would be used for that purpose because Defendant failed to leave any such information in the message it left for Plaintiff on or about January 30, 2009.

   f. Defendant violated *§1692e(11)* of the FDCPA failing to disclose in subsequent

- 4 -

communications that the communication was from a debt collector.

   g. Defendant violated *§1692f(6)(A)* of the FDCPA by threatening to take nonjudicial action to effect dispossession of Plaintiff's property when there was no present right to do such because Defendant threatened to look into Plaintiff's background, assets and bank account information, to seize property.

   h. Defendant violated *§1692f(6)(B)* of the FDCPA by threatening to take nonjudicial action to effect dispossession of Plaintiff's property when there was no present intention to do such because Defendant threatened to look into Plaintiff's background, assets and bank account information, to seize property

   i. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, KATHLEEN GALIETTA, respectfully requests judgment be entered against Defendant, STUART ALLEN & ASSOCIATES, INC., for the following:

23. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

24. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Actual damages,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

27. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATHLEEN GALIETTA, demand a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 5, 2009            KROHN & MOSS, LTD.

/s/ Ryan Lee

By: _____

Ryan Lee
Attorney for Plaintiff

- 6 -

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA )

Plaintiff, KATHLEEN GALIETTA, state as follows:

1. I am the Plaintiff in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, we have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KATHLEEN GALIETTA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _Feb 5, 2009_          _Kathleen Galietta_
                              KATHLEEN GALIETTA

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

COMPLAINT

STUART ALLAN & ASSOCIATES, INC.
5447 E 5TH STREET, SUITE 110
TUCSON, AZ 85711-2345
PHONE (520) 881-5900     FAX (520) 318-6799
TOLL-FREE (800) 880-5400

FEB 02, 2009

KATHLEEN A GALIETTA                                    02061239-C2

15848 W CIMARRON DR
SUN CITY          AZ 85374

CREDIT BUREAU NOTIFICATION

Please be advised if the balance shown below is not received in our office within 14 days of the date of this letter, your account will become eligible to be reported on your personal credit profile.

When a Collection Account is reported on your credit profile it may appear on it for 7 years. If the account is paid after that time it may appear on your credit report with a zero balance, showing your creditors that the account was not paid to the original creditor and had to be placed with a collection agency.

Please remit the balance owed on the account(s) referenced below.

```
ACCT#              RE                       AMOUNT DUE
-----------------------------------------------------
02061239    SUN LIFE FINANCIAL-KEYPORT       $5360.55
```

                              TOTAL AMOUNT DUE:   $5360.55

LTR711 REV1103

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT B

COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I could not continue with activities, which included classes that I'm registered with Rio Salado College._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _Feb 5, 2009_

_Kathleen Galietta_
Signed Name

_KATHLEEN GALIETTA_
Printed Name